```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MELINDA LAYTON, et al., | CIVIL ACTION NO. 04-3956 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| VILLARI BROTHERS TRUCKING, INC., et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiff Tierney K. Purce ("Purce") moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) as to the counterclaims asserted against her by the defendants for property damage and contribution for injuries sustained by plaintiff Melinda Layton ("Layton"). (Dkt. entry nos. 3, 20.)[1] The Court, for the reasons stated herein, will deny the motion.

**BACKGROUND**

Layton and Purce were involved in a motor vehicle accident with a tractor trailer on April 22, 2004. (Purce Br. at 1.) The tractor trailer was owned by defendant Villari Brothers Trucking, Inc. ("Villari"), and driven by defendant John Henderson

---

[1] Purce in her Brief in Support of the Motion, and Notice of Motion, seeks summary judgment pursuant to R. 4:46-2 and R. 1:6-2(d), respectively. Rule 4:46-2 provides for summary judgment in New Jersey state courts. Rule 1:6-2(d) provides for oral argument in New Jersey state courts. Federal Rule of Civil Procedure 56 is the proper authority for summary judgment in this court.

("Henderson"). (Id.) Purce was driving the car, and Layton was the passenger. (Id.) Both vehicles were traveling on Route 18 near Colts Neck, New Jersey. (Id.) Henderson struck the car driven by Purce from behind. (Purce Br. at 1; Defs. Br. at 4.)

Purce and Layton brought an action against Villari and Henderson to recover damages for personal injuries resulting from the accident. (Compl. at 2-3.) Defendants, in turn, asserted counterclaims against Purce for property damage to, and loss of the use of, the tractor trailer, as well as contribution from Purce for any damages awarded to Layton. (Defs. Ans. at 3-4.) Purce now moves for summary judgment as to the counterclaims asserted against her.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the summary judgment movant has met this prima facie burden, the nonmovant "must set forth specific facts showing that there is a genuine

2

issue for trial." Fed.R.Civ.P. 56(e).  A nonmovant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the nonmovant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).  A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

**II.   Analysis**

Purce argues that judgment should be entered in her favor on the counterclaims for damages and contribution because she did not cause or contribute to the accident. (Purce Br. at 6.) She contends that the defendants' negligence was the sole cause of Layton's injuries. Id. Defendants oppose, arguing Purce is at fault and liable for damages and contribution because she cut in front of the tractor trailer and came to a complete stop on the highway. (Defs. Br. at 4.)

The parties offer two different accounts of the accident. They agree that the tractor trailer struck Purce's car in the rear. (Purce Br. at 1; Defs. Br. at 4.) Purce contends, however, that Henderson hit the rear of her car when she slowed down to exit the highway. (Purce Br. at 6.) Villari and Henderson claim Purce (1) changed lanes, cutting in front of the tractor trailer, (2) came to a complete stop on the highway, and (3) was struck in the rear by Henderson because he did not have adequate time to stop. (Defs. Br. at 9.)

The Court must view the evidence in the light most favorable to Villari and Henderson. Their factual assertions contradict those of Purce. The two incompatible versions of the accident raise a genuine issue of material fact. The disputed facts affect the law that should be applied and the resolution of the action. See Dolson v. Anastasia, 258 A.2d 706, 710 (N.J. 1969)

4

(noting that "a following car. . . is obligated to maintain a reasonably safe distance behind the car ahead. . . Failure to do so resulting in a collision, [i]s negligence"); Greenberg v. Stanley, 143 A.2d 588, 595 (N.J. App. Div.) (noting that "cutting off" another car is egregious fault), aff'd in part and rev'd in part on other grounds, 153 A.2d 833 (N.J. 1959).  The existence of genuine issues of material fact prevents the entry of summary judgment as to the counterclaims asserted against Purce.

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion for summary judgment as to defendants' counterclaims for damages and contribution.  An appropriate order will be issued.

                                            s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge